## IN THE SUPERIOR COURT
## OF GUAM

PEOPLE OF GUAM,

v.

JAYSON FRANCISCO SONG,

Defendant.

)
)
)
)
)
)
)
)
)
)
)

Criminal Case no. CF0497-11,
CF0576-11, CM0631-11

**DECISION AND ORDER**
re: Motion to Consolidate
Offenses for Trial

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on March 27, 2012. The People are represented by Assistant Attorney General James C. Collins. The Defendant is represented by Attorney Howard Trapp. After considering the matters presented, the Court issues the following decision and order consolidating the Defendant's offenses for trial.

## BACKGROUND

This matter arises out of the Defendant's motion to consolidate his three cases. In CM0631-11, the Defendant is accused of recklessly causing bodily injury to Linda T. Stone and was charged with Assault, Family Violence, Reckless Conduct and Harassment. According to the complaint, the incident occurred on November 11, 2010.

In CF0497-11, the Defendant is accused of intentionally damaging the motor vehicle of Linda T. Stone and was charged with Criminal Mischief, with a special allegation of possession and use of a deadly weapon in the commission of a felony. According to the indictment, the incident occurred on June 20, 2011.[1]

---

[1] This case is currently assigned to Judge Vernon P. Perez.

In CF0576-11, the Defendant is accused of recklessly causing or attempting to cause serious bodily injury to Linda T. Stone and Lance Christopher T. Manglona and was charged with two counts of Aggravated Assault, Family Violence against Linda T. Stone; Burglary for allegedly entering the habitable property of Linda T. Stone, with the intent of committing a crime therein and Resisting Arrest. According to the indictment, the incident occurred on October 13, 2011.[2]

Defendant requests that the above offenses be tried together, as authorized by 8 GCA § 65.30(a), and as required by 8 GCA § 65.30(b). Defendant argues that the offenses charged could be joined because they are alleged to have been committed against a single victim, are of similar character, and a single trial will serve the interest of judicial economy.

The People oppose Defendant's request because he has put his mental state in issue for all three of the cases he now seeks to consolidate. The People assert that a forensic evaluation examining the Defendant's mental state at the time of the commission of each of the separate cases is necessary before any consolidated trial would be appropriate. People also assert that joinder is improper.

## DISCUSSION

"The [C]ourt may order two or more indictments or information or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information." 8 GCA § 65.30(a). Furthermore, two or more offenses may be joined "only if the offenses charged . . . are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected

---

[2] The Court notes that a forensic evaluation was submitted by Dr. James Kiffer on January 30, 1012.

together or constituting parts of a common scheme or plan." 8 GCA § 55.35(a). "In determining whether counts are properly joined, this court considers such factors as whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." *United States v. Tavlor*, 54 F.3d 967,973 (1st Cir. 1995).

In the instant case, the Defendant argues that joinder is proper because the offenses are against the same victim, are of similar character, and a single trial will serve the interest of judicial economy. The Court agrees because the indictments and complaint allege a commonality where Ms. Stone is involved in each incident. Defendant's actions were part of a common scheme of violence against Ms. Stone.

Further, the Court notes that the interest of judicial economy is best served by joining the instant offenses for trial. Assuming all of the cases went to trial, Ms. Stone would have to testify on three different occasions. The Court is not inclined to compel her to do so. The Court also recognizes that joinder will conserve government funds, diminish inconvenience to all witnesses, and avoid delays. See *United States v. Lane*, 474 U.S. 438, 449 (1986).

For these reasons, the Court finds that joinder of the Defendant's above mentioned cases is proper under 8 GCA §§ 65.30(a)(b).

The Court recognizes however a forensic evaluation of the Defendant regarding all of his cases must be completed. In CF-576-11, the Defendant was examined by Dr. James Kiffer. The forensic evaluation only references the allegations in that case. The report did not reference or address the other two cases, CM0631-11 and CF0497-11. The Court recognizes that forensic evidence concerning the Defendant's mental state during each of three events needs to be put

forward. Currently there is only such forensic evidence for CF0576-11. Thus, the Defendant needs to be evaluated with regards to his other two cases before the instant matter goes to trial.

## CONCLUSION

Based on the foregoing, the Court GRANTS the Defendant's motion to consolidate offenses for trial. The Court ORDERS the Defendant undergo an evaluation regarding CM0631-11 and CF0497-11. The Court also ORDERS that Client Services and Family Counseling Division of the Superior Court of Guam shall arrange for an appointment for the examination. A written report of the evaluation shall be completed and filed with the Clerk of the Court on _Sept. 14, 2012_ . Further Proceedings shall be held on _Sept. 21, 2012 at 9:00a_

SO ORDERED, this _10_ day of _July_ 2012.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam. Dated at Hagåtña, Guam

JUL 1 0 2012

James R. Borja
Deputy Clerk, Superior Court of Guam